# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 7, 2014

147492

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

CITY OF HOLLAND,
        Plaintiff-Appellant,

v

                                     SC: 147492
                                     COA: 309367
                                     Ottawa CC: 10-001684-CZ

JENIFER L. FRENCH,
        Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the June 18, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal because I would grant leave to appeal. Defendant was Holland's city clerk. She initially lived in Douglas with her husband and children, but in 2005, she allegedly moved to a house in Holland with her children while her husband continued to reside in Douglas. Defendant enrolled her children in a school in Holland, registered to vote as a Holland resident, changed her address on her driver's license to the Holland address, and filed an application for a personal residence property tax exemption (PRE) along with a homestead exemption affidavit averring that the Holland house was her principal residence. The city concluded in 2006 that the Holland house was not her primary residence and therefore denied her PRE application (a decision later affirmed by the Michigan Tax Tribunal) and terminated her from the city clerk position. The city's employee handbook provides for "binding arbitration" of grievances regarding the termination of employment and imposes a "just cause" termination standard.

The initial arbitrator determined that the city lacked "just cause" to terminate defendant and that it must reinstate her with back pay. The trial court vacated this award and required a second arbitration. The second arbitrator ruled in favor of the city, and the trial court affirmed. In a split decision, the Court of Appeals reversed the trial court's vacation of the first arbitration award and remanded for entry of an order enforcing that award. *City of Holland v French*, unpublished opinion per curiam of the Court of Appeals, issued June 18, 2013 (Docket No. 309367).

An arbitrator's award can be vacated only if "the arbitrator exceeded his or her powers[.]" MCR 3.602(J)(2)(c). I am inclined to agree with the trial court and the Court of Appeals dissent that the first arbitrator exceeded his powers by failing to "consider

each of the reasons offered by [the city] to support its decision to terminate defendant's employment . . . ." The city's reasons for termination were that defendant (a) "submitted a voter registration application to the City of Holland incorrectly stating that [she] lived within the City of Holland," (b) "submitted a Homestead Property Tax application to the State of Michigan incorrectly stating [her] homestead of principal residency," and (c) "violated the public trust placed in [her] by the citizens of Holland, and will potentially subject the City of Holland to a negative image in the media and, as a result, negatively impact the City's image and credibility with the general public." The first arbitrator failed to address these arguments, but instead focused only on whether defendant had a "dishonest intent to deceive," and concluded that such an intent was required in order for the city to have had just cause to terminate defendant. However, this conclusion seems to be inconsistent with the employee handbook, which specifies "conduct detrimental to the image of the employer" as an example of just cause.

It is undisputed that the employee handbook was binding on the arbitrator not only because this is the very document from which the arbitrator obtained his authority, but also because the arbitration clause itself specifically states, "In deciding whether or not the discharge was for just cause or was otherwise improper, the definition of 'just cause' and the other rules and policies set forth in the Employee Handbook, and all other relevant policies and procedures, will be observed." See *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 432 (1982) ("Plainly, arbitrators who derive their authority from the contract calling for their services are bound to act within the terms of the submission."). Given that the handbook expressly specifies "conduct detrimental to the image of the employer" as an example of "just cause," it would seem that the arbitrator was required to determine whether defendant's conduct met that standard before it ruled that the city lacked just cause to terminate.

Moreover, the first arbitrator's finding of a lack of any "dishonest intent to deceive" on defendant's part should not have precluded him from finding that defendant's conduct was nonetheless "detrimental to the image of the employer." As the trial court subsequently explained,

> defendant was the City Clerk, responsible for maintaining the integrity of the City's voting process and voter rolls, not simply another city employee. Thus, her filing of an improper voter registration is of greater import . . . . The [Tax] Tribunal clearly and unequivocally concluded that the [Holland] address was not defendant's residence. That binding finding of fact means

that defendant was not entitled to register to vote at the [Holland] address. That defendant submitted a voter registration when, as a matter of law, she did not "reside" at the [Holland] address indicates either an intent to deceive or a lack of knowledge of one of the core functions of her position. Either may be just cause to terminate her employment as City Clerk. . . .

Similarly, a finding that defendant did not have the intent to deceive necessary for falsely filing a principal residence exemption affidavit does not necessitate a finding that her conduct is not detrimental to the image of the employer. In addition, her filing of an improper voter registration could also be seen as conduct detrimental to the image of the employer. In sum, the arbitrator should have determined whether *each* of the grounds [the city] set forth was just cause for terminating defendant's employment. Because he did not, he exceeded his powers and the court must vacate the award. [Emphasis added.]

That a reviewing court disagrees with the determinations of an arbitrator is no basis for reversing an arbitration. The parties to an arbitration have willingly relinquished all but the right to the most deferential judicial review, and they must accept the consequences of that decision. However, in discharging their duties, arbitrators can fairly and properly be said to exceed their power when they act clearly "beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Gavin*, 416 Mich at 434. As the Court of Appeals dissent asserted, "the first arbitrator in this case added a requirement to the Handbook by replacing the Handbook's *several* grounds for discharge with a *single* requirement that the City establish dishonesty as the sole ground for discharge." *French*, unpub op at 3 (O'CONNELL, J., dissenting) (emphasis added). By doing so, he may well have acted beyond the material terms of the contract from which he drew his authority and thereby exceeded his powers. For these reasons, I would grant leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 7, 2014



Clerk

h0204